CELTIC LAND & IMPROVEMENT Co. *v.* L. N. DANTZLER
LUMBER Co.*

(Division A.   Nov. 29, 1926.)

[110 So. 438.   No. 26010.]

TAXATION.  *Statute forbidding sale of land purchased by state for taxes
    until redeemed held inapplicable to invalid sale (Hemingway's
    Code, section 6989).*

    Under Code 1906, section 4355 (Hemingway's Code, section 6989),
    providing that land purchased by state for taxes shall not again
    be sold for taxes until redeemed, *held* inapplicable, where sale of
    land to state for taxes was void because of defect in assessment
    thereof.

*Corpus Juris-Cyc. References: Taxation, 37 Cyc, p. 1357, n. 95.

APPEAL from chancery court of George county.

HON. V. A. GRIFFITH, Chancellor.

Suit by the L. N. Dantzler Lumber Company against
the Celtic Land & Improvement Company.   Decree for
plaintiff, and defendant appeals.   Affirmed.

*O. F. Moss,* for appellant.

Complainant filed this bill to confirm its tax title.   The
burden is on it to show the validity of its own title.   It
must rely on the strength of its own title, and not on the
weakness of the title of the defendant.   Section 6989,
Hemingway's Code (section 4355, Code of 1906) contains
these emphatic words: ''Land purchased by the state
for taxes shall not again be sold for taxes until re-
deemed.''

So we most earnestly contend and insist that this land
having been sold to the state for taxes in 1896 and not
redeemed, the tax collector should not have sold same to
O. Backstrom in 1918, whether the tax sale to the state

was valid or invalid, for the reason that the statute it-self makes no distinction between valid or invalid sales, but says in effect that in *every* instance where lands are purchased by the state for taxes they shall not be sold for taxes again until redeemed.

It may be argued that this sale to the state in 1896, being invalid and void, is equivalent to no sale at all, and that the tax collector had a right to disregard same and sell the land to O. Backstrom in 1918. We ask again, is that what the statute says?

The legislature in its wisdom and to protect the state and county from losing taxes in these cases, enacted section 6979, Hemingway's Code (section 4345, Code of 1906). The court will note that the statute last above referred to provides that the purchaser at any tax sale, which includes both state and individuals, has a lien on said land for the amount of taxes paid thereon at said tax sale, plus twenty-five per cent on said amount, and interest, etc., and provides how this lien may be enforced. So the state under the 1896 sale above referred to has its lien on this land for the taxes at the sale, with interest and damages, and for all subsequent taxes due thereon, and it was very wrong for the tax collector of George county to sell said land in 1918 when it had been sold to the state in 1896 and not redeemed. This statute has been upheld by the supreme court. *Ingersoll* v. *Jeffords,* 55 Miss. 37; *Cogburn* v. *Hunt,* 56 Miss. 718; *Kaiser* v. *Harris,* 63 Miss. 590.

The only question, therefore, before this court on this appeal is the construction of the two sections of the statute above referred to. In other words, after land has been sold to the state for taxes and not redeemed, can the tax collector again sell the land to the state or to individuals, even though the first sale to the state was void on account of an invalid assessment? We submit that section 6989, Hemingway's Code (section 4355, Code of 1906) means what it says and that section 6979, Hemingway's Code (section 4345, Code of 1906) is carrying

out this same scheme and provides how the state and individuals may be protected at void sales.

*Ross, Backstrom & Bickerstaff,* for appellee.

The appellant bases its defense on section 6989, Hemingway's Code, which provides that land purchased by the state for taxes shall not be sold again for taxes until redeemed, and argues therefrom that even though the tax sale to the state is absolutely void, as is admitted in the case of the tax sale pleaded in defense to the action in the case at bar, yet the tax collector is without power to sell this land again for taxes until the same shall have been redeemed from the void tax sale. The tax sale to the state on March 2, 1896, was dead from its inception, yet appellant after the lapse of thirty years is attempting to breathe the breath of life into its ancient carcass.

The statute relied on by appellant was enacted to help enforce the payment of taxes and not for the purpose of aiding some one to escape taxation, as the legal effect of his argument would be. The word "sale" in the statute relied on by appellant means a sale and not an attempted sale which never had any existence whatsoever.

Counsel's method of attempting to circumvent the legal effect of this statute is rather ingenious but unsound. In order to circumvent the effect of his interpretation of section 6989, Hemingway's Code, he calls into the scene section 6979, of the same Code, which provides that any purchaser at a tax sale, void for any reason except that the taxes were not due, has a lien against the land for the payment thereof, costs, damages, and subsequent taxes paid, which lien may be enforced by bill in chancery.

But a casual reading of section 6979, Hemingway's Code will be sufficient to gather its real import. It is a well-known fact that many tax sales are void and if there were no remedy for the tax purchaser to secure his money back on void sales, the bidding would neces-

sarily be curtailed by that fact, and the statute was passed primarily for the protection of the individual purchaser in order to stimulate purchasing at tax sales; and this court in construing the statute held, and we think properly so, that the benefits provided by the statute extended to a purchaser from the state of forfeited lands; but we have never been apprised of the fact that the state itself ever attempted to claim this lien and are doubtful if the benefits could properly be claimed by the state.

A casual inspection of section 6989, Hemingway's Code, is sufficient to show that the statute refers to real sales and not void or attempted sales.

SMITH, C. J., delivered the opinion of the court.

The appellee brought this suit against the appellant to confirm a tax title, which it claims to have to certain land, and from a decree confirming the appellee's title to a part of the land described in its bill of complaint the appellant has brought this case to this court.

The tax sale, under which the appellee claims the land to which its title was confirmed, was made in April, 1910, to an individual who afterwards conveyed the land to the appellee. The appellant's contention is that this tax sale was void, for the reason that prior thereto the land had been sold to the state for taxes, and had not been redeemed therefrom, and therefore was not thereafter subject to assessment and sale for taxes under section 4355, Code of 1906 (section 6989, Hemingway's Code), which provides that "land purchased by the State for taxes shall not again be sold for taxes until redeemed."

The sale of the land to the state for taxes herein invoked is admitted by the appellant to have been void because of a defect in the assessment thereof, but it contends that nevertheless the sale under which the appellee claims is also void, for the reason that the statute applies to both valid and invalid sales. There can be no merit in this contention, for it is manifest that the stat-

ute contemplates a sale of the land and not a mere a-tempt to make a sale.

*Affirmed.*